UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

WP COMPANY LLC
d/b/a THE WASHINGTON POST,

   Plaintiff,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

   Defendants.

Civil Action No. 26-1111 (SLS)

## JOINT STATUS REPORT

In accordance with the Court's July 21, 2026 Minute Order, Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*"), and Defendants the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") (collectively "Defendants" and, together with the *Post*, the "Parties"), by and through undersigned counsel, respectfully submit the following joint status report in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

1.  The case arises from six FOIA requests submitted by the *Post*:

  a. From ICE, the *Post* sought certain Standard Form 95s ("SF-95s") ("Request 1"), Use of Force, Assaults, and Discharge ("UFAD") reports ("Request 4), and Significant Incident Reports ("SIRs") ("Request 6");

  b. From CBP, the *Post* sought certain SF-95s ("Request 2") and Enforcement Action Statistical Analysis and Reporting System ("E-STAR") incident reports ("Request 3"); and

c.  From DHS, the *Post* sought certain SF-95s ("Request 5").

*See generally* Compl. (ECF 1).

2.  On May 29, 2026, the Court ordered Defendants to file a status report disclosing, *inter alia*, approximately how many records are responsive to the *Post*'s FOIA requests and approximately when those records would be released. May 29, 2026 Order at 1 (ECF 10).

3.  In the joint status report filed on June 29, 2026, because Defendants did not have the requested information available, they did not provide the statistics and other estimates requested by the Court. *See* June 29, 2026 Status Report at 3-4 (ECF 11).

4.  Accordingly, by Minute Order on June 30, 2026, the Court ordered "Defendants to file a notice by July 6, 2026, either providing answers to those questions or providing a date when that information will be available." June 30, 2026 Minute Order.

5.  Defendants' next status report indicated that:

a.  ICE anticipated processing and producing a subset of data responsive to Request 6 by July 31, 2026, and it expected to have an estimated page count of documents potentially responsive to Requests 1 and 4 by the same date;

b.  CBP had identified nearly 20,000 pages of data potentially responsive to Request 3, which it was processing and would begin producing by August 14, 2026, at a rate of 300-400 pages per month, but it would need until the same date to provide the Court any information related to Request 2; and

c.  DHS's initial search had returned nearly 3 gigabytes of information,[1] which prevented it from estimating when it would be able to begin producing records, absent some narrowing of the scope of Request 5.

---

[1]  The search amounted to approximately 6,000 potentially responsive pages.

6.      On July 8, 2026, the Court entered the following Minute Order:

In light of the [12] Joint Status Report, the Court directs the Parties to meet and confer in person to discuss narrowing and to file a joint status report by July 20, 2026. Representatives from the Plaintiff and the Defendant agencies must attend the meet and confer. The joint status report should address whether the Plaintiff is able to narrow any of its requests, especially the Plaintiff's third FOIA request to CBP and fifth FOIA request to DHS.

July 8, 2026 Minute Order.

7.      On July 16, 2026, the Parties met and conferred in person at the office of Plaintiff's counsel. Representatives of the *Post* and Defendant agencies attended with counsel. The Parties discussed the relevant data sets for each of the six FOIA requests and discussed potential methods for narrowing the scope of the agencies' searches as follows:

a.  ICE informed the *Post* that it was ICE's understanding that Requests 4 and 6 overlap, with the data responsive to Request 4 constituting a subset of the data that would be responsive to Request 6. ICE agreed to produce a spreadsheet cataloguing the SIRs potentially responsive to Request 6 by Friday, July 31, 2026, providing a categorization of the type of incident at issue, which might allow the *Post* to narrow the scope of the request. With respect to Request 1, ICE informed the *Post* that its SF-95s come into a single, monitored electronic mailbox. ICE further stated that it did not completely know the process of how SF-95s were cataloged and assigned but offered to research and describe this process to the *Post* at a future date, including if greater understanding of this process could lead to efficiencies in producing the requested records.

b.  With respect to Request 2, CBP informed the *Post* that it has no centralized repository of, or tracker for, SF-95s submitted to the agency. Additionally,

to conduct targeted searches within the documents, CBP would be required to conduct a manual review of each submitted SF-95. This would be the case irrespective of the scope of the *Post*'s request (including, *e.g.*, if the *Post* were to narrow the request by date the forms were submitted and date of the reported incidents). With respect to Request 3, CBP agreed to provide the *Post* with a list of E-STAR report search fields that might allow the *Post* to narrow the scope of that request.

c. DHS reported that, since Defendants' last status report, it had identified an additional repository of records that may allow it to conduct a more targeted search for records responsive to Request 5. DHS stated it was conducting that new search and would report back to the *Post*. In addition, DHS informed the *Post* that it maintains a centralized tracking system for its SF-95s and would consider providing the *Post* with information about the range of claim amounts, in case that could allow the *Post* to narrow the scope of the request.

d. With respect to Requests 1, 2, and 5 (all pertaining to SF-95s), the *Post* agreed to consider narrowing the requests by raising the minimum claim amount, which as originally requested relates to claims for $5,000 or more.

8. At the end of the meeting, each agency committed to working on the above-outlined action items, and the *Post* agreed that, after receiving the initial materials described above, it would assess its options for narrowing the requests and promptly report back to the agencies.

- 4 -

9.      On July 21, 2026, the Court entered a minute order directing the Defendants to provide the agreed-upon information by July 29, 2026, and for the Parties to file a joint status report by August 10, 2026. July 21, 2026 Minute Order.

10.     On July 29, 2026, Defendants provided Plaintiff the agreed-upon information in the form of a table with explanations from each Agency.

11.     On July 30, 2026, ICE provided spreadsheets cataloguing the SIRs potentially responsive to Request 6 as agreed.

12.     On August 4, 2026, the *Post* responded to Defendants as follows:

   a.  As DHS's search only returned two cases meeting the threshold outlined in the FOIA request, the *Post* declined to narrow Request 5, as it appeared to be unnecessary.

   b.  For Requests 1-4 and 6, the *Post* agreed to narrow its requests to those claims or reports filed from January 1, 2025 onward and regarding incidents occurring from January 1, 2025 onward.

   c.  For Request 1, ICE offered to run a report filtering out non-FTCA claims and narrow by claim amount, date range, or key words, as it would be extremely burdensome for ICE to manually pull the 569 claims in its system. The *Post* agreed to accept ICE's offer and requested ICE run the report filtering out non-FTCA claims, claims below the $5,000 threshold, and claims occurring before January 1, 2025.

   d.  For Requests 4 and 6, the *Post* is preparing a list of identifiers it would be willing to eliminate as non-responsive to those Requests. The *Post* also agreed to provide a list of identifiers for ICE to prioritize processing.

e. Once the *Post* has provided the identifiers that can be eliminated from consideration, the *Post* has requested that ICE produce a spreadsheet of SIRs for calendar year 2026 to date for Request 6, and that ICE agree to producing a spreadsheet of UFADs based on the date limitations provided and the SIRs the *Post* is willing to exclude for Request 4.

f. The *Post* requested a data dictionary corresponding to the spreadsheets ICE has produced and will produce to clarify data fields that have not yet been explained. For example, ICE's spreadsheet contains a field called "Date Approved," but does not explain what that field means.

g. The *Post* does not agree with the redactions and exceptions asserted in ICE's Release Letter and expressly reserves the right to challenge their applicability. The *Post* also requests the reports be produced in substantially unredacted form, like previous releases of SIRs and other reports by ICE.

13. Counsel for Defendants is conferring with the agencies about the *Post*'s additional responses and requests and plans to provide an update by August 24, 2026.

14. The Parties further respectfully request that the Court set an August 31, 2026 deadline for the next joint status report to update the Court on the Parties' efforts to fulfill the *Post*'s FOIA requests.

Dated: August 10, 2026                    Respectfully submitted,
    Washington, DC

- 6 -

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Isabella Salomão Nascimento (*pro hac vice*)
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3281 | Fax: (612) 371-3207
salomaonascimentoi@ballardspahr.com

*Counsel for Plaintiff WP Company LLC*
*d/b/a The Washington Post*


JEANINE FERRIS PIRRO
United States Attorney

By:            /s/ *Benjamin W. Owen*

    Benjamin W. Owen, Va. Bar #86222
    Assistant United States Attorney
    601 D Street, NW
    Washington, D.C., 20530
    202-252-0899

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

|  |  |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>      Defendants. | Civil Action No. 26-1111 (SLS) |

## [PROPOSED] ORDER

UPON CONSIDERATION of the Parties' Joint Status Report and the entire record herein,

it is hereby

ORDERED that the Parties shall file a further joint status report on or before August 31,

2026.

SO ORDERED.


Date: _____          _____

                                 United States District Judge