UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| WP COMPANY LLC<br>d/b/a THE WASHINGTON POST,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 26-1111 (SLS) |

**JOINT STATUS REPORT**

In accordance with the Court's September 23, 2026 Minute Order, Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*"), and Defendants the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs and Border Protection ("CBP") (collectively "Defendants" and, together with the *Post*, the "parties"), by and through undersigned counsel, respectfully submit the following joint status report in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action.

1. The case arises from six FOIA requests submitted by the *Post*:

   a. From ICE, the *Post* sought certain Standard Form 95s ("SF-95s") and supporting documents ("Request 1"); Use of Force, Assaults, and Discharge ("UFAD") reports ("Request 4"); and Significant Incident Reports ("SIRs") ("Request 6");

b. From CBP, the *Post* sought certain SF-95s and supporting documents ("Request 2") and Enforcement Action Statistical Analysis and Reporting System ("E-STAR") incident reports ("Request 3"); and

c. From DHS, the *Post* sought certain SF-95s and supporting documents ("Request 5").

*See generally* Compl. (ECF No. 1).

2. On September 23, 2026, the Court entered a minute order instructing the parties to meet and confer in person with Plaintiff present by October 7, 2026 to narrow the scope of Plaintiff's requests. That same day, the parties met in person with Plaintiff present to discuss potential narrowing at approximately 11:00am Eastern at the courthouse cafeteria. Attendees included Assistant U.S. Attorney Benjamin Owen, counsel for Defendants; Maxwell Mishkin and Isabella Salomão Nascimento, counsel for Plaintiff; and Nate Jones from the *Post*. The meeting lasted approximately thirty minutes and the parties represent that the meeting was professional and productive.

3. On September 30, 2026, the parties again met in person at the U.S. Attorney's Office for the District of Columbia at 600 D Street Northwest to discuss potential narrowing. The meeting took place at 1:00pm Eastern. Attendees included Assistant U.S. Attorney Benjamin Owen, counsel for Defendants; agency counsel Rachel Knight for ICE, Brian Dunkel and Marc Bides for CBP, and Matthew Broussard and Stephen Nelson for DHS; Maxwell Mishkin and Isabella Salomão Nascimento, counsel for Plaintiff; and Nate Jones from the *Post.* The meeting lasted approximately one hour and the parties represent that the meeting was professional and productive. Defendants agreed to provide additional information to Plaintiff in response to Plaintiff's questions about potential narrowing.

4. On Thursday, October 8, 2026, CBP provided responses to Plaintiff's questions that arose at the September 30, 2026 meet and confer. CBP also provided suggestions for narrowing.

5. On Tuesday, October 13, 2026, DHS and ICE provided responses to Plaintiff's questions that arose at the September 30, 2026 meet and confer. ICE also provided suggestions for narrowing. Plaintiff responded:

a. agreeing to narrow Request 5 (DHS SF-95s) to the records associated with the two claims DHS represented were for $10,000 or more.

b. agreeing to narrow Request 3 (CBP E-STAR Reports) to only interior enforcement claims, and requested information on how much further the responsive documents would be narrowed if Plaintiff also agreed to exclude minor injuries; and

c. with additional questions for CBP about Request 2 (CBP SF-95s).

6. On Wednesday, October 14, 2026, Plaintiff emailed Defendants that Plaintiff agrees to drop Request 1 (ICE SF-95s and supporting documents) altogether, and requested that ICE provide the spreadsheets for Requests 4 and 6 (ICE SIRs) for Calendar Year 2026. Defendants responded to Plaintiff's questions about Request 2 but have not yet been able to provide the spreadsheets for Requests 4 and 6.

7. Defendants are preparing responses to Plaintiff and determining the reduction in page count based on Plaintiff's agreements to narrow. However, based on Defendants' projections in their status report of September 25, 2026, ECF No. 25, the Parties provide the following updates regarding each individual Request:

a. Request 1: Resolved, no pages to produce.

b. Request 2: 110,168 pages, or 71,886 pages if Plaintiff agrees to narrow to claims of $10,000 or more. Defendants are awaiting Plaintiff's response about Request 2 on how to proceed and potential narrowing.

c. Request 3: 6,986 pages based on Plaintiff's agreement to narrow to interior immigration enforcement operations claims.

d. Request 5: DHS is determining how many pages are related to the two claims over $10,000.

e. Requests 4 and 6: 3,249 rows of data (equivalent to approximately 4,874 pages total) for Calendar Year 2025 and an estimated 1,726 rows of data (equivalent to approximately 2,589 pages total) for Calendar Year 2026, for a total of 4,975 rows of data at a rate of 180 rows per month to respond to the requests.

    i. As ICE previously stated in Defendant's Status Report of September 25, 2026, the production of this data in Excel form, while faster than manually processing the relevant documents individually, still presents a heightened processing burden. Accordingly, ICE's initial production target is to process and produce 180 SIR rows per month. This target is based on ICE's current estimate of the Excel-processing burden described above and is not a standard page- or row-based processing rate. Consistent with its position in producing SIR data in another case before this Court, *Guardian New & Media LLC v. Immigration and Customs Enforcement*, Civ. A. No. 25-2069 (SLS), ICE will monitor its actual processing experience as

production begins and will promptly notify the Court if that experience demonstrates that the projected rate is not feasible or that processing the remaining entries is unduly burdensome.

8. The Parties respectfully propose that Defendants provide Plaintiff with updates and information by October 30, 2026 and submit the next joint status report on November 9, 2026.

9. Plaintiff also respectfully requests that the Court lift the part of its August 12, 2026 Minute Order pausing further processing of Plaintiff's requests. Defendant takes no position on Plaintiff's request.

Dated: October 14, 2026
Washington, DC

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

Isabella Salomão Nascimento (*pro hac vice*)
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3281 | Fax: (612) 371-3207
salomaonascimentoi@ballardspahr.com

*Counsel for Plaintiff WP Company LLC d/b/a The Washington Post*

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Benjamin W. Owen*
BENJAMIN W. OWEN
Assistant United States Attorney

601 D Street, NW
Washington, D.C., 20530
202-252-0899
Benjamin.Owen@usdoj.gov

*Attorneys for the United States of America*